UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: ___1:19cv20402___

BRIAN K. BUCKNER,

      Plaintiff,

v.

ISLAND QUEEN SIGHTSEEING TOURS,
INC., d/b/a ISLAND QUEEN CRUISES
AND TOURS,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brian K. Buckner ("Buckner"), by and through his undersigned attorney, hereby files this Complaint against Defendant, Island Queen Sightseeing Tours, Inc., d/b/a Island Queen Cruises & Tours ("Island Queen"), and alleges as follows:

## INTRODUCTION

1.      This action arises out of the failure of Island Queen to provide the required notice of Buckner's right to continued health care coverage under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Island Queen, which is the plan sponsor of the Health Plan offered by UnitedHealth Group Inc. (the "Plan"), violated ERISA by failing to provide Buckner, as a participant and beneficiary in the Plan with adequate notice, as prescribed by COBRA, of his right to continue his health coverage upon occurrence of a "qualifying event." Due to the violation, which threatens Buckner's ability to maintain his health coverage, Buckner seeks penalties and other appropriate relief from this Court as set forth under federal law.

1

## PARTIES, JURISDICTION AND VENUE

2.      Buckner, who is a current resident of Broward County, Florida, is an employee of Island Queen and Tradewinds. Buckner worked as the head chef at Tradewinds and reported to the Tradewinds general manager, but received wages and benefits through Island Queen. Buckner was a covered employee and participant in the Plan the day before his insurance coverage concluded on October 31, 2018, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), that rendered Buckner a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

3.      Island Queen is a Florida for-profit corporation with its place of business in Miami, Miami-Dade County, Florida. According to its website, Island Queen "is the one-stop solution for the top-rated Miami experiences through cruises, activities, attractions, transportation & more!"[1] Island Queen operates as a sister corporate entity to, and provides administrative support services (including, but not limited to, human resources) for, Tradewinds Deli, LLC, d/b/a Tradewinds Waterfront Bar & Grill a/k/a Tradewinds Bar & Grill ("Tradewinds"). According to the Island Queen website, Tradewinds is a Miami Bayside-located restaurant that features "fresh seafood, signature cocktails and spectacular waterfront view of the Miami Marina."[2]

4.      Island Queen employs more than 20 persons who were members of the Plan in 2018.[3] Island Queen is the Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B) and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A).[4] The Plan provides medical benefits to employees and their beneficiaries and is an employee welfare benefit plan

---

[1] Island Queen Cruises & Tours website (visited Jan. 5, 2019), available at: https://islandqueencruises.com.

[2]     Island   Queen   Cruises   &   Tours   website   (visited   Jan.   5,   2019),   available   at: https://islandqueencruises.com/dining/tradewinds-bar-and-grill.

[3] If this Court determines Island Queen employs less than 20 persons and is, therefore, not subject to COBRA, then Buckner requests leave to amend this Complaint to add a claim for violation of the Florida Health Insurance Coverage Continuation Act (Section 627.6692, Florida Statutes), which covers employers who employ less than 20 persons.

[4] Island Queen, and not Tradewinds, is the proper party defendant in this case. See Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.").

within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

5.      The jurisdiction of this Court is predicated upon 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. §§ 1331 and 1355.

6.      Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 29 U.S.C. § 1132(e)(2), wherein: (a) the statutory violations at issue occurred in this District; (b) Island Queen has business operations in this District; and (c) the Plan is administered in this District.

## STATUTORY BACKGROUND: COBRA

7.      The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event."

8.      COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

9.      Further, COBRA requires the administrator of a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. See 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

10.      The relevant regulations promulgated by the Secretary of Labor concerning notice of continuation of coverage rights are outlined in 29 C.F.R. § 2590.606-4. For example, 29 C.F.R. § 2590.606-4(b)(1) states:

(1) Except as provided in paragraph (b) (2) or (3) of this section, upon receipt of a notice of qualifying event furnished in accordance with § 2590.606-2 or §

3

2590.606-3, the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

11.     In addition, 29 C.F.R. § 2590.606-4(b)(4) provides as follows:

(4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii) Identification of the qualifying event;

(iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401et seq. or 1381 et seq.)

(SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

12.     To facilitate compliance with the notice obligations, the United States Department of Labor ("DOL") issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the appendix to 29 C.F.R. § 2590.606-4. A copy of this Model Notice is attached to this Complaint as Exhibit A. The DOL states the agency "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

13.     If a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, then the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. See 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper,

including, but not limited to, injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

## GENERAL ALLEGATIONS

14.     In June 2015, Island Queen hired Buckner to serve as head chef at Tradewinds.[5] In that role, Buckner: (a) directed kitchen operations, including food preparation, cooking, and cleanup; (b) planned menus and made adjustments as needed based on the availability of ingredients; (c) collaborated with the Tradewinds general manager and Island Queen management to align kitchen operations with the overarching goals of the establishment; (d) directed monthly inventory; (e) maintained vendor relationships; and (f) performed other duties as assigned by the Tradewinds general manager and Island Queen management.

15.     Island Queen did not offer or provide employees with coverage under a medical insurance plan at the time of Buckner's hiring. Island Queen subsequently reversed course and offered employees with an option to be covered under the Plan.

16.     On January 1, 2017, Buckner began being covered under the Plan. See Exhibit B.

17.     On July 24, 2018, Buckner experienced the first of several strokes and related complications. Buckner was subsequently treated in hospitals, an acute care center and a rehabilitative facility over the course of several weeks.

18.     On or about August 27, 2018, Buckner relocated from his Miami-Dade County, Florida, apartment to the Broward County, Florida, home of his parents, Marcell Buckner ("M. Buckner") and Tamashia Buckner ("T. Buckner"), who cared, and continue to care, for him during

---

[5] Buckner's recollection of his start date is inconsistent with Island Queen's representation. See Exhibit C. Island Queen's claim that Buckner started employment on September 15, 2017, is impossible since Buckner began coverage under the Plan as an employee on January 1, 2017. See Exhibit B.

his hospitalization and rehabilitation. T. Buckner subsequently notified Island Queen of Buckner's change of address.

19.     On September 3, 2018, according to Erica Ramirez, Island Queen human resources director, Buckner started his medical leave under the Family and Medical Leave Act of 1993 ("FMLA"). See Exhibit C. The law provides eligible employees up to twelve (12) workweeks of unpaid leave a year and requires group health benefits to be maintained during the leave as if employees continued to work instead of taking leave. Further, employees are entitled to return to their same or an equivalent job at the end of their FMLA leave.

20.     On September 11, 2018, Buckner executed and notarized a power of attorney, which designated M. Buckner and T. Buckner as his attorneys-in-fact.[6]

21.     On September 14, 2018, Ramirez informed T. Buckner that Buckner's FMLA leave "expires on 10/31/2018" and his participation in the Plan would be cancelled on October 31, 2018. See Exhibit D.

22.     On October 31, 2018, Buckner's FMLA leave and participation in the Plan concluded. See Exhibits B & D. Thus, on October 31, Buckner experienced a qualifying event.

23.     However, due to the complications of the strokes, Buckner was unable to return to work since he was unable to perform the duties of a head chef. [Note: On December 19, 2018, Ramirez informed T. Buckner that Buckner remained an employee in Island Queen's records; thus, for purposes of COBRA, Buckner has not been terminated for gross misconduct. See Exhibit C.]

24.     On December 6, 2018, T. Buckner requested a status report on Buckner receiving a COBRA notice and indicated she "had to cancel [Buckner's] appointments because he does not

---

[6] On September 14, 2018, T. Buckner informed Island Queen of the appointment. See Exhibit D.

have the money to pay for his benefits. I am paying for [Buckner's] prescription drugs myself." See Exhibit D.

25.     On December 11, 2018, T. Buckner emailed again to regarding the state of Buckner's COBRA notice: "I am reaching out one more time. Please someone respond to my email. My sons [sic] health is in jeopardy." See Exhibit F.

26.     On December 11, 2018, Yenisel Lopez, Worldwide Assurance senior account manager, responded to T. Buckner's email. Worldwide Assurance is the insurance broker for Island Queen. Lopez informed T. Buckner she was "working on it, I completely understand your frustration but please understand this was something that was not set up at all and they have to get the cobra [sic] initiated." See Exhibit F.

27.     Following the qualifying event, Island Queen did not mail, submit or deliver Buckner the Model Notice or any other type of COBRA-compliant notice in violation of 29 C.F.R. § 2590.606-4. Thus, Island Queen failed to provide Buckner notice of all required coverage information and hindered Buckner's ability to obtain continuation coverage.

28.     As a result of Island Queen's inaction, Buckner was unable to obtain continuation coverage. Buckner does not have enough funds to continue his medical treatments and medications without coverage. Specifically, Buckner has had to cancel speech therapy sessions (which stop his ability to rehabilitate his verbal skills, which are needed to resume his role as a head chef) and neurologist appointments (which prevent the post-stroke monitoring of his brain). See Exhibit D. Further, Buckner is unable to fill medications prescribed to curtail bleeding on the brain.

## COUNT I
## COBRA NOTICE VIOLATION

29.     Buckner re-alleges each and every allegation contained in paragraphs 1-28, as if they were fully set forth herein.

30.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

31.     Island Queen, which provides administrative services for Tradewinds, is the sponsor and administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

32.     On October 31, 2018, Buckner experienced a qualifying event as defined by 29 U.S.C. § 1163. See Exhibits B & D. Island Queen was aware that Buckner had experienced the qualifying event. See Exhibits E & F.[7]

33.     Despite possessing knowledge of the October 31, 2018, qualifying event, Island Queen did not send Buckner a Model Notice or any other COBRA-compliant notice. Most importantly, Island Queen was not set-up to issue COBRA-compliant notices to Buckner or other employees. See Exhibit F[8].

34.     The failure of Island Queen to send to Buckner any notice that complies with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 violated federal law and was material and willful.

35.     Island Queen knew or should have known that its lack of providing Buckner with notice failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4. The non-compliance was deliberate and showed a reckless disregard of the Buckner's rights under federal law.

## PRAYER FOR RELIER

36.     WHEREFORE, Buckner requests this Court issue judgment against Island Queen as follows:

---

[7] In a November 2, 2018, email, Lopez informed T. Buckner that "Brian's insurance has been terminated through Island Queen with United Healthcare, however United Healthcare will automatically send out the cobra [sic] paper to you guys for Brian to enrolled [sic]." However, Buckner never received a COBRA-compliant notice. See Exhibit E.
[8] In a December 11, 2018, email, Lopez "please understand this was something that was not set up at all and they have to get the cobra [sic] initiated." See Exhibit F.

a.      Declaring that Island Queen's failure to send a COBRA-compliant notice to Buckner violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

b.      Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including, but not limited to: (i) an order requiring Island Queen to send a notice compliant with federal law; and (ii) an order requiring Island Queen to provide Buckner, if he elects after receiving notice, with the appropriate medical insurance coverage as required under COBRA;

c.      Awarding statutory penalties to Buckner pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for Island Queen's failure to send a COBRA-compliant notice;

d.      Awarding attorney's fees, costs and expenses to Buckner's legal counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

e.      Granting such other relief (in law or equity) as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

37.     Buckner, pursuant to Federal Rule of Civil Procedure 38, demands a trial by jury

in this action on all issues triable.

Dated: January 30, 2019.

Respectfully submitted,

s/ Michael L. Buckner

_____

Michael L. Buckner, Esquire
Florida Bar No. 106331
Email: michaelbucknerlaw@gmail.com
Michael L. Buckner Law Firm, P.A.
7771 West Oakland Park Boulevard, Suite 162
Sunrise, Florida 33351 USA
Telephone: +1-954-941-1944
Facsimile: +1-954-941-1946

Attorney for the Plaintiff,
Brian K. Buckner

JS 44 (Rev. 12/12)(Modified by Fla.LD-April 27, 2015)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Brian K. Buckner

## DEFENDANTS
Island Queen Sightseeing Tours, Inc.

**(b)** County of Residence of First Listed Plaintiff  Broward
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Miami-Dade, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael L. Buckner, 7771 W. Oakland Park Blvd., Ste 162, Sunrise, Florida 33351; 954-941-1844

Attorneys *(If Known)*
Unknown

**(d)** Check County Where Action Arose: ☒ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed **(See VI below)**
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment
- ☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE  n/a    DOCKET NUMBER  n/a

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
ERISA & COBRA; violation of COBRA notice requirements
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ $75,001
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE
January 30, 2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| BRIAN K. BUCKNER, <br><br> *Plaintiff(s)* <br><br> v. <br><br> ISLAND QUEEN SIGHTSEEING TOURS, INC., d/b/a ISLAND QUEEN CRUISES AND TOURS, <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Island Queen Sightseeing Tours, Inc.
ATTN: Michael Simpson, Registered Agent
555 NE 15 Street, No. 102
Miami, FL 33132

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Michael L. Buckner, Esquire
Michael L. Buckner Law Firm, P.A.
7771 West Oakland Park Blvd., Suite 162
Sunrise, Florida 33351

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*